**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 03-653-C**

**YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA, ET AL., PLAINTIFFS,**

**V.** **MEMORANDUM OPINION & ORDER**

**COMMONWEALTH OF KENTUCKY, FINANCE AND ADMINISTRATION CABINET AND DEPARTMENT OF PARKS, ET AL., DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court on the motions of the defendants, Commonwealth of Kentucky Finance and Administration Cabinet ("Finance"), Commonwealth of Kentucky Department of Parks ("Parks"), Commonwealth of Kentucky Commerce Cabinet ("Commerce"), Robert Michael Burnside ("Burnside"), Robby Rudolph ("Rudolph"), W. James Host ("Host"), George Ward ("Ward"), Dan Strohmeier ("Strohmeier"), and Robert Bender ("Bender") (collectively "Commonwealth Defendants") and E-Z-Go Division of Textron ("E-Z-Go"), for summary judgment. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motions in part and grant them in part.

## I. FACTUAL BACKGROUND

In April 2003, Finance issued a solicitation requesting bids for a fleet of 290 gasoline-powered golf cars, a driving range car with protective cage, and 5 "ADA-compliant" golf cars. These cars were to be used at various state park golf course

locations, which are managed by Parks. The bid was to be awarded on the basis of "best value." Century Equipment of Cincinnati, E-Z-Go, and one of the plaintiffs, Cunningham Golf Car Company, Inc. ("Cunningham"), submitted bids. Cunningham is a licensed and fully authorized dealer and agent of and for the plaintiff, Yamaha Motor Manufacturing Corporation of American ("Yamaha"). A purchasing agency representative requested additional, detailed information from the bidders regarding the ADA-compliant golf cars, which Cunningham provided. On May 29, 2003, the contract was awarded to E-Z-Go.

Cunningham filed a formal protest pursuant to KRS 45A.285 challenging the contract award because it said the proposed use of the E-Z-Go Eagle did not meet the published specifications of providing ADA-compliant golf cars. The Commonwealth denied Cunningham's protest. Subsequently, on July 17, 2003, the plaintiff filed an action in the Franklin Circuit Court, seeking relief under the Kentucky Model Procurement Code. There, the plaintiffs claimed that E-Z-Go's bid was non-responsive to the April solicitation, so awarding it the bid violated the state procurement code. The state court case was dismissed for lack of standing in March 2004. The present action was filed in this court on October 24, 2003, seeking injunctive relief and damages resulting from a violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. This court denied the defendants' motion to dismiss for lack of standing and failure to state a claim and permitted the plaintiffs to file an amended complaint.

## II. LEGAL STANDARD

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252).

## III. ANALYSIS

E-Z-Go argues that it is entitled to summary judgment because: (1) the plaintiffs do not state a claim under the ADA or the Rehabilitation Act; and (2) the plaintiffs' claims are barred by res judicata. The Commonwealth Defendants join in E-Z-Go's arguments and also argue that they are entitled to summary judgment in their individual capacities under the doctrine of qualified immunity.

### A. Failure to State a Claim Under the ADA and the Rehabilitation Act

To state a prima facie case under the ADA, a plaintiff must allege that: (1) a

disability exists; (2) there was a denial of a public benefit; and (3) the plaintiff was discriminated against on the basis of the disability. If a plaintiff does not allege facts sufficient to support a prima facie case, the claim fails as a matter of law. Under the Rehabilitation Act, the plaintiff must show that (1) the plaintiff was disabled; (2) the plaintiff without the disability is an otherwise qualified individual; (3) the plaintiff was denied benefits solely due to his or her disability; and (4) the entity denying benefits received federal funding. *Doe v. Pfommer*, 148 F.3d 73 (2d Cir. 1998). In this case, the plaintiffs have met their burden of alleging facts sufficient to support a claim for discrimination under the ADA and the Rehabilitation Act.

**1. Discrimination Based on Disability**

The defendants argue that the plaintiffs have failed to show discrimination based on disability, alleging that the plaintiffs have established only that "a public entity chose a certain commercial product over another, resulting not in discrimination against disabled persons but instead a preference toward a bidder it determined the 'best value' for the Commonwealth . . . ." (Def., E-Z-Go, Motion for Summary Judgment, p. 6) The defendants frame their argument incorrectly. To avoid summary judgment, the plaintiffs do not have to establish that discrimination based on disability actually occurred; rather, the standard to avoid summary judgment requires that the plaintiffs show that there is a genuine issue of fact for trial as to whether discrimination based on disability occurred. The court finds that the plaintiffs have met this burden or, at the very least, have established that they are entitled to

discovery on this issue.

The defendants argue that the Commonwealth has made an attempt at a "reasonable accommodation" and that disabled persons are able to play on the courses with the selected golf car. Comparing this case to *Chaffin v. Kansas State Fair Board*, 348 F.3d 850 (10th Cir. 2003), the plaintiffs argue that the E-Z-Go golf car is not a "reasonable accommodation" because it does not provide "meaningful access" to the Commonwealth's golf courses. The plaintiffs support their argument that the E-Z-Go car has accessibility problems with Richard Thesing's affidavit and request that they be permitted to obtain discovery which they believe will demonstrate that the E-Z-Go golf car is not a "reasonable accommodation." Since whether the E-Z-Go golf car provides meaningful access to golf courses for disabled golfers so as to be a reasonable accommodation is a question of fact, summary judgment is inappropriate at this time. The plaintiffs are entitled to discovery on this issue.

**2. Specific Violation of the ADA and Rehabilitation Act**

The defendants argue that summary judgment is appropriate because the plaintiffs have not alleged a specific violation of the ADA or the Rehabilitation Act. In other words, the defendants assert that the plaintiffs have failed to state a claim upon which relief may be granted. Further, they argue that until a "qualified person with a disability" alleges that he or she was denied access to the Commonwealth's golf courses because the E-Z-Go golf car was the only golf car available, no basis exists for relief under the ADA.

To support their argument that the plaintiffs have failed to state a claim upon which relief may be granted, the defendants compare this case to *Association for Disabled Americans v. Concorde Gaming Corporation*, 158 F. Supp. 2d 1353 (S.D. Fla. 2001). The plaintiff counters that *Concorde Gaming* is irrelevant because it was a construction case, not one about access. Even if relevant, *Concorde Gaming* does not set forth the rule of law that the defendants claim. The *Concord Gaming* court noted that a cruise ship could not be required to comply with guidelines that do not exist. The court's analysis of the claim, however, did not end there. Once it determined that no regulations applied to the situation, the court evaluated whether reasonable accommodations and/or a readily achievable barrier removal were possible. Ultimately, the court found that the cruise ship had to make some modifications to comply with the ADA. While there are no regulations regarding specifications for golf cars, it is possible for the plaintiff to establish that reasonable accommodations and/or readily achievable barrier removal are necessary.

Further, the defendants contend that the Commonwealth does not have to provide adapted golf cars to players with disabilities and, even if it were required to do so, no legal basis exists for the term "ADA-compliant" related to a golf car. The plaintiffs contend the term "ADA-compliant" has legal significance for a golf car. Additionally, the plaintiffs argue that the Commonwealth does have to provide adapted golf cars, for which certain requirements exist. To support their arguments, the

plaintiffs cite recently entered ADA settlements from Indiana[1] and North Carolina.[2] While this evidence is not conclusive as to the plaintiffs' claims under the ADA and the Rehabilitation Act, it is sufficient to permit the plaintiffs to avoid summary judgment at this stage. Summary judgment is inappropriate at this time, and the plaintiffs are entitled to discovery on these issues.

**B. Res Judicata**

The defendants argue that the plaintiffs' claims are barred by res judicata as a result of the dismissal of the state court action. This argument is unpersuasive.

Res judicata, or claim preclusion, has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Res judicata

---

[1] The Indiana settlement involved golf courses in the city of Indianapolis. The United States initiated an investigation after receiving a complaint from an individual with a disability. The United States determined that the city must provide golf cars specifically designed for a person with a disability to play golf in the same manner as golfers without disabilities. As part of the settlement the city was required to purchase and provide access to two (2) different models of individual golf mobility aid devices. (Exhibit 3 to Plaintiff's Response to Defendant's Motion for Summary Judgment (DE 28)) According to the plaintiff, this settlement agreement is relevant because it helps define requirements for an ADA-compliant golf car.

[2] The North Carolina settlement required the city to purchase a golf car "designed for use by people with disabilities." (Exhibit 4 to Plaintiff's Response to Defendant's Motion for Summary Judgment (DE 28) The plaintiff contends that this settlement agreement and the one from Indiana are significant because they further demonstrate that ADA compliance is factually and legally significant.

does not bar this action because the state court's dismissal was not a final decision "on the merits" as required by the doctrine. Dismissal for lack of standing does not constitute a decision on the merits. *Petty v. Lynch*, 2004 WL 1325770 (6th Cir. June 10, 2004). Since the defendants have failed to establish all of the elements of res judicata, the motion for summary judgment on this ground fails.

**C. Qualified Immunity**

The doctrine of qualified immunity bars this suit against Burnside, Rudolph, Host, and Bender in their individual capacities for the plaintiffs' claims of monetary damages. The plaintiffs' claims for injunctive relief, however, are not barred by qualified immunity. Under the doctrine of qualified immunity, "governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Courts apply a three-part test when determining whether a government official is entitled to the affirmative defense of qualified immunity: (1) whether the plaintiff has shown a violation of a constitutionally or statutorily protected right; (2) whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated that right; and (3) whether the plaintiff has alleged sufficient facts, and supported allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of clearly

established law. *Higgason v. Stephens*, 299 F.3d 868, 876 (6th Cir. 2002). "Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Wilson v. Layne*, 119 S.Ct. 1692, 1699 (1999); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). If the law was not clearly established, the defendants may be protected from suit by qualified immunity as they could not have known that their conduct was illegal or unconstitutional. *Harlow*, 457 U.S. at 818. When deciding the clearly-established issue, this court examines federal constitutional, statutory, and case law existing at the time of the challenged action, turning first to decisions of the Supreme Court and the Sixth Circuit and, if such law is unavailable, to law from other circuits. *Eugene D. v. Karman*, 889 F.2d 706 (6th Cir. 1989).

The court must first determine whether the plaintiff has alleged the deprivation of a constitutional or statutory right at all and then, and only then, determine whether the right was clearly established at the time of the alleged violation. *Wilson v. Layne*, 119 S.Ct. at 1697; *Conn*, 119 S.Ct. at 1295; *Sacramento v. Lewis*, 118 S.Ct. 1708 (1998); *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). "Deciding the constitutional question before addressing the qualified immunity question . . . promotes clarity in the legal standards for official conduct, to the benefit of both officers and the general public." *Wilson*, 119 S.Ct. at 1697. The Sixth Circuit also has endorsed this "merits first" approach. *See, e.g., Jackson v. Leighton*, 168 F.3d 903 (6th Cir. 1999). Here,

the plaintiffs have alleged violations of statutory rights under the ADA and the Rehabilitation Act, so the court will turn to the second prong.

A right is clearly established if, at the time of the challenged conduct, a "reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A right is not "clearly established" if it lacks specificity. Here, the plaintiffs argue that the "clearly established right" is "meaningful access" to the Commonwealth's golf courses. As of the date in question, the requirement that certain types of golf cars must be provided to constitute "meaningful access" to state golf courses was not clearly established.[3] Consequently, the plaintiffs cannot maintain their claims for monetary damages against the Commonwealth Defendants in their individual capacities. There is thus no need for the court to consider the third element of the qualified immunity test. Accordingly,

**IT IS ORDERED** that the motion of the defendant, E-Z-Go, for summary judgment (DE 25) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of the Commonwealth Defendants (DE 26) is **DENIED IN PART** and **GRANTED IN PART**. The motion for summary judgment on the plaintiffs' claims of monetary damages against Burnside, Rudolph,

---

[3] While it was not clearly established that "meaningful access" meant that certain golf cars must be provided to state golf course patrons, at the time the individual defendants acted, it was clearly established that golf courses are places of public accommodation for purposes of Title III of the ADA. It was also clearly established that a universal ban of the use of golf cars in certain tournaments violated the ADA. *PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001). In *Martin*, the PGA was required to consider the disabled golfer's personal circumstances in deciding whether to accommodate his disability.

Host, Ward, Strohmeier, and Bender is **GRANTED** as barred by qualified immunity. The motion for summary judgment on all of the plaintiffs' other claims is **DENIED**.

Signed on May 10, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**